IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-02629-CMA-BNB

FORESIGHT PRODUCTS, LLC, a Colorado limited liability company,

Plaintiff,

v.

BOND MANUFACTURING COMPANY, a/k/a BOND MANUFACTURING CO.
and BOND MANUFACTURING COMPANY, INC., a California corporation,

Defendant.

## ORDER DENYING MOTION TO STRIKE

This matter is before the Court on Defendant's "Motion to Strike First Amended Complaint" (Doc. # 14).

Plaintiff filed a complaint on November 9, 2009 and an amended complaint on December 10, 2009. (Doc. ## 1, 13.) Defendant moves to strike the amended complaint because Plaintiff did not seek leave of court to file it. (Doc. # 14.) In support, Defendant cites Rule 15 as it stood before the 2009 amendments and argues that because Defendant filed a responsive pleading before the amended complaint was filed, Plaintiff required leave of court before doing so. If Defendant's assertions are accurate, it would win. The former Rule 15(a)(1)(A) stated that a party may amend its pleading once as a matter of course **before** being served with a responsive pleading.[1]

---

[1] Before the 2009 Amendments, Fed. R. Civ. P. 15(a)(1) read: "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

Defendant, however, never filed a "responsive pleading." It filed a motion to dismiss. Under the rules, a "motion" is not a "pleading."[2] Accordingly, because Defendant did not file a responsive pleading, under the former Rule 15, Plaintiff did not require leave of court when it filed its amended complaint.

Plaintiff is also in the clear under amended Rule 15. Fed. R. Civ. P. 15(a)(1) now states that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Subsection (B) applies here because Plaintiff's original complaint is a pleading to which a responsive pleading is required. As mentioned, Defendant did not file a responsive pleading but did file a motion to dismiss, on December 4, 2009. Plaintiff filed its amended complaint on December 10, 2009, well within the 21 day period the rule allows for amending as a matter of course. *Id*.

Accordingly, the Court DENIES Defendant's motion to strike (Doc. # 14).

DATED: May __11__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] *See* Fed. R. Civ. P. 7(a) (listing documents which constitute a "pleading"); Fed. R. Civ. P. 15 advisory committee's notes ("a motion is not a 'pleading' as defined in Rule 7.").

2